UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN GONZALEZ-ALVAREZ,

                                  Petitioner,           17-cv-9773 (ALC)(JLC)

         -against-

STEWART ECKERT,                                  **OPINION & ORDER**

                                  Respondent.

**ANDREW L. CARTER, JR., United States District Judge:**

       Before the Court are *pro se* Petitioner's objections to the May 29, 2019 report and recommendation ("R&R") issued by the Honorable James L. Cott, United States Magistrate Judge. Judge Cott's R&R recommends denying Petitioner's writ for habeas corpus relief pursuant to 28 U.S.C. § 2254. For the reasons set forth below, this Court adopts the R&R in its entirety and denies Petitioner's requested relief.

## BACKGROUND

       The Court assumes familiarity with the background and procedural history as set forth in Judge Cott's R&R and will only briefly recount the facts relevant to Petitioner's present objections.

### A. Procedural History

       On January 26, 2012, Petitioner Jonathan Gonzalez-Alvarez was convicted of Murder in the Second Degree in violation of Penal Law § 125.25(1) and Gang Assault in the First Degree in violation of Penal Law § 120.07. He was sentenced to a term of imprisonment of 23 years to life on the murder count, to run concurrently with a prison term of 10 years on the gang assault count, followed by five years of post-release supervision. (R&R, ECF No. 19 at 9.) His conviction was affirmed by the Appellate Division, First Department on June 30, 2015, *People v. Gonzalez-Alvarez,* 129 A.D.3d 647 (1st Dept. 2015), and leave to appeal was denied on April 12, 2016,

1

*People v. Gonzalez-Alvarez*, 27 N.Y.3d 997 (2016).  Petitioner also filed a petition for a writ of error *coram nobis* with the Appellate Division, arguing that he was denied effective assistance of appellate counsel, which was also denied.  (R&R, ECF No. 19 at 11.)

On December 17, 2017, Petitioner, proceeding *pro se*, filed the instant habeas petition in federal court.  (Pet., ECF No. 2.)  Petitioner argued that (1) he was deprived of his constitutional right to effective assistance of appellate counsel because his counsel failed to advance two meritorious arguments on appeal, and instead raised two arguments that were weaker and without merit; (2) he was deprived of his constitutional right to due process because the trial court refused to charge the jury with the lesser included offense of manslaughter in the first degree; and (3) that he is actually innocent.  (*See generally id.*)

The habeas petition was referred to Judge Cott for report and recommendation on July 2, 2018.  (ECF No. 16.)  Judge Cott issued his R&R on May 29, 2019, recommending that the Court deny Petitioner's request for habeas relief.  (R&R., ECF No. 19.)  After requesting an extension, which was granted, (ECF Nos., 20, 21), Petitioner filed objections to the R&R on July 22, 2019, arguing that (1) Judge Cott erred in overlooking Petitioner's "incorporated" claim of ineffective assistance of trial counsel and (2) the finding that the trial court's decision not to instruct the jury on accomplice liability was harmless was incorrect.  (*See generally*, ECF No. 22.)  Respondent filed a memorandum in opposition on September 14, 2020.  (ECF No. 25.)

    B.  **Accomplice Liability Charge**

Petitioner's objections both relate to the trial court's reversal of its decision to instruct the jury on accomplice liability.  During the trial, the prosecution requested an "acting in concert charge" from the court.  (Tr., ECF No. 13 at 753.)  Defense counsel objected on the basis that Petitioner had not been charged with acting in concert.  (*Id.*)  The trial court initially reserved decision, but later concluded that it would charge "acting in concert", providing a copy of its

proposed charge to the parties. (*Id.* at 754, 758, 922–23.) The trial court reiterated that it would be charging accomplice liability after the prosecution's last witness. (*Id.* at 942.) Counsel for defense then moved to dismiss, arguing that the prosecution had not offered evidence that Petitioner had the requisite state of mind for acting in concert, which the court denied. (*Id.* at 943.)

However, during summation, the prosecution did not focus on accessorial liability. In his own summation, defense counsel focused on the issue of accomplice liability, arguing that "[t]he theory in the beginning of this case… is that Jonathan Gonzales-Alvarez did it. Now [the prosecutor has] changed it up because he sees . . . that he can't prove that, that Jonathan Gonzales-Alvarez even had a knife. So what's he do now? He's going to come to you in his summation and say, Jonathan Gonzales-Alvarez acted together with Mr. Almanzar." (*Id.* at 948.) Defense counsel also raised inconsistencies in witness testimony and whether or not Petitioner was seen with a knife. (*Id.* at 948–954.)

After summation, defense counsel moved for a mistrial on the basis that the prosecution knew that there was no evidence of accomplice liability, but that the trial court's decision to charge accomplice liability forced defense counsel to address it anyway. (*Id.* at 999.) The trial court denied the motion. (*Id.* at 1001.) However, the trial court ultimately decided not to charge accomplice liability, explaining that based on the record, including both sides' summations, "there is no acting in concert..." suggested by the evidence. (*Id.* at 1015.) The court also explained that it did not "think [there] is prejudice to [Petitioner] at all by [] not charging acting in concert. In fact, acting in concert would give the jury more latitude in finding [Petitioner] guilty." (*Id.*)

On direct appeal, Petitioner, represented by new appellate counsel, argued, *inter alia*, that the trial court erred when it reversed its decision to charge the jury with accomplice liability. (ECF No. 10-1 at 2–3.) The Appellate Division affirmed Petitioner's conviction, finding that although

3

the trial court's decision not to charge accomplice liability was "error" because it misled defense counsel on what the court intended to charge, the error was harmless because the weight of the evidence was against Petitioner. *People v. Gonzalez-Alvarez*, 129 A.D.3d 647 (1st Dep't 2015).

Next, Petitioner, now proceeding *pro se*, filed a writ of error *coram nobis*, arguing that he was deprived of his right to effective assistance of appellate counsel because his appellate lawyer raised arguments on appeal "which had no merit or possible chance of success", including the ineffective assistance of trial counsel claim based on the trial court's reversal of its decision to charge accomplice liability. (ECF No. 10-1, Ex. K.)  Instead of raising arguments related to the jury charge, Petitioner argued that his appellate counsel should have argued that the verdict was against the weight of the evidence. (*Id.*)  Petitioner's *coram nobis* petition was also denied.

## STANDARD OF REVIEW

A petitioner requesting habeas corpus relief must show that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  The petitioner thus has the burden of proving, by a preponderance of the evidence, that his federal rights have been violated. *See Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997) (citation omitted). When reviewing a magistrate judge's report and recommendation, a district judge may "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  If a party files timely objections, the district court is required to make a *de novo* determination concerning those parts of the report. *Id.*  However, if a party makes conclusory or general objections to the report and recommendation, or merely reiterates its previous position, the court reviews the report only for clear error. *Taylor v. Brown*, No. 08 Civ. 8403 (ALC)(RLE), 2012 WL 607621, at *2 (S.D.N.Y. Feb. 24, 2012).

Additionally, because Petitioner is proceeding *pro se*, the Court will construe his arguments and pleadings liberally. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)).

## DISCUSSION

Petitioner's two objections to the R&R both suffer from the same flaw—that they were not raised in his initial habeas petition, and thus cannot now be raised as objections when they were not presented to the magistrate judge for decision.

Petitioner's first objection is that Judge Cott overlooked his ineffective assistance of trial counsel claim. Essentially, Plaintiff argues that he was denied effective assistance of trial counsel when the trial court reversed its decision to charge accomplice liability after his trial lawyer discussed accomplice liability at length in his summation. Although this issue was not one of Petitioner's enumerated arguments in his petition, he maintains that this claim was "incorporated" into his federal petition because it was raised in the briefing for his state direct appeal. (ECF No. 22 at 11.)

As an initial matter, the Court will note that Petitioner's attempt to re-argue his ineffective assistance of trial counsel claim is odd, given that he actually disparages the merits of this claim in his habeas petition. As part of his ineffective assistance of *appellate* counsel claim, Petitioner argues that his appellate lawyer raised the ineffective assistance of trial counsel claim on direct appeal even though it "clearly lacked merit" and was unlikely to succeed. (Petition, ECF No. 2. at 19–20.) Petitioner noted that the argument was weak because the failure to charge the jury on accomplice liability was actually "beneficial to the defense". (*Id.* at 20.)

Petitioner's first objection must be rejected because it was not raised in the Petition that was before Judge Cott. Petitioner maintains that his ineffective assistance of trial counsel claim

5

was "incorporated" into his petition, but the petition clearly only raises an issue as to Petitioner's ineffective assistance of appellate counsel claim. (Petition, ECF No. 2 at 13 ("The Petitioner was deprived of his constitutional right to effective assistance of counsel on direct appeal of his convictions.")) The fact that the briefing for Petitioner's direct appeal was included in the record, does not mean that the argument was presented in the federal habeas petition for review and that Judge Cott was on notice that Petitioner was raising this argument for his consideration. Moreover, given that the ineffective assistance of trial counsel claim was only mentioned in the petition as part of Petitioner's ineffective assistance of appellate counsel claim, and Petitioner characterized it as a "weak" argument, only further underscores the fact that this argument was not actually raised for consideration in the Petition. Thus, because objections are not a proper venue for a petitioner to raise new arguments that were not before the magistrate judge, this objection must be rejected. *See Garcia v. Griffin*, No. 16-CV-2584 (ALC), 2019 WL 4917183, at \*4 (S.D.N.Y. Oct. 4, 2019) ("new claims may not be raised properly at this juncture, so any new claims, presented in the form of, or along with, 'objections,' should be dismissed.") (internal citations and quotations omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate [judge]") (citing *Gonzalez v. Garvin*, 99-cv-11062 (SAS), 2002 WL 655164, at \*1–2, 2002 WL 655164, at \*4 (S.D.N.Y. Apr. 19, 2002)).

Likewise, Petitioner's second objection must be rejected because it was never raised in the petition for the magistrate judge to review. Petitioner contends that the "state court's harmless error determination was unreasonable in light of the facts and circumstances". (ECF No. 22 at 18) Petitioner argues that the trial court's error cannot be considered harmless because it misled his counsel and caused defense counsel to focus too heavily on accomplice liability during his

6

summation. However, the Petition does not raise this argument at all. Petitioner's objection on this point does not even refer to the R&R or explain how the claim was overlooked by Judge Cott. Instead, Petitioner again argues that this claim was incorporated into his habeas petition because it was raised in his direct appeal to the Appellate Division. Accordingly, for the same reason, Petitioner's second objection also fails. *See United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019); *see also Elliot v. Kirkpatrick*, No. 17-CV-7529 (KPF), 2020 WL 6690650, at *6 (S.D.N.Y. Nov. 13, 2020).

With that being said, out of an abundance of caution due to Petitioner's *pro se* status, the Court will review Petitioner's objection to determine whether it has merit. Where a state court has found that the trial court has committed a constitutional error but found it to be harmless, a federal court may only reverse the conviction where the constitutional violation had a substantial and injurious effect or influence in determining the jury's verdict. *Wood v. Ercole*, 644 F.3d 83, 93 (2d Cir. 2011). Petitioner relies on the Supreme Court's holding in *Herring v. New York*, 422 U.S. 853, 859 (1975), but Petitioner's reliance on this case is misplaced. In *Herring*, the Supreme Court held that "a total denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense" and warrants reversal. *Id.* Here, Petitioner's trial counsel was not prevented from making a final argument, and, as the Appellate Division noted, "was not prevented from fully arguing to the jury regarding the key issue of whether defendant himself committed the crime." *Gonzalez-Alvarez*, 129 A.D. 3d. at 647. Defense counsel used the prosecution's putative theory of accomplice liability to highlight the ways in which its theory of the case had changed over time in order to suggest reasonable doubt. Defense counsel also addressed other aspects of the prosecution's case, such as the credibility of some of its witnesses and the lack of blood on the murder weapon, and was not prevented from making final

arguments with respect to Petitioner's primary culpability for the crime. Accordingly, this Court does not find that the state court's error had a substantial or injurious effect in determining the jury's verdict.

Having reviewed the rest of Judge's Cott's well-reasoned R&R for clear error and having found none, the Court adopts the R&R it in its entirety.

## CONCLUSION

Accordingly, Petitioner's writ of habeas corpus is **DISMISSED** with prejudice and the R&R is adopted in full.

It is **ORDERED** that because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. The Clerk of Court is directed to enter judgement in favor of Respondent and to close this case.

**SO ORDERED.**

**Dated: May 17, 2023**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**